**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AL FLORA, JR., CHARLES HAMMONDS, JOSHUA LOZANO, ADAM DUREN and STEVEN ALLABAUGH, on behalf of themselves and all others similarly situated, : : : : : **Plaintiffs** : v. : LUZERNE COUNTY of the COMMONWEALTH OF PENNSYLVANIA and ROBERT C. LAWTON, COUNTY MANAGER, in his official capacity, : : **Defendants** : | **CIVIL ACTION NO. 3:13-1478** **(JUDGE MANNION)** |

# M E M O R A N D U M

Pending before the court is the plaintiffs' motion to remand. (Doc. No. 12). Based upon the court's review of the motion and related materials, the plaintiff's motion to remand will be **GRANTED**.

**I.   PROCEDURAL HISTORY**

By way of relevant background, the plaintiffs filed the instant action in the Court of Common Pleas of Luzerne County on April 10, 2012. During the approximately thirteen months that the matter was pending in the state court, the court heard and decided a motion for preliminary injunction by the plaintiffs, the parties engaged in court-ordered mediation, and on May 7,

2013, the matter was set for a trial to take place on September 24, 2013.

Also on May 7, 2013, the plaintiffs were granted permission to file an amended complaint, which they did on May 15, 2013. On May 31, 2013, the defendants removed the action to this court. (Doc. No. 1).

On June 12, 2013, the plaintiffs filed the instant motion to remand, (Doc. No. 12), along with a brief in support thereof, (Doc. No. 13). The defendants filed a brief in opposition to the plaintiffs' motion on July 1, 2013. (Doc. No. 24). A reply brief was filed by the plaintiffs on July 11, 2013. (Doc. No. 26).

## II. LEGAL STANDARD

Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." Thus, a defendant may remove from state court to federal court any civil case arising under federal law. See 28 U.S.C. §1441(b).

Upon a motion to remand a removed action, the removing party bears the burden of demonstrating that removal was proper. Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." Id.

In considering a motion to remand, the statute governing removal, 28

U.S.C. §1441, must be strictly construed against removal." Id. (citing Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005) (citations omitted)). Moreover, ruling on the removal of any action is the prerogative of the federal courts. Id. (citing Harrison v. St. Louis & S.F.R. Co., 232 U.S. 318, 329 (1914) ("as the right given to remove by the United States law is paramount, it results that it is also of the essence of the right to remove, that when an issue of whether a prayer for removal was rightfully asked arises, a Federal question results which is determinable by the courts of the United States free from limitation or interference arising from an exertion of state power")).

**III. DISCUSSION**

In their motion for remand, the plaintiffs argue that the defendants' removal of the instant action was untimely because it was not filed within thirty days from April 10, 2012, the date on which the plaintiffs filed their initial complaint in Luzerne County. Instead, the plaintiffs argue that the notice of removal was filed over one year later on May 31, 2013, after the plaintiffs filed their amended complaint. (Doc. No. 12). The plaintiffs argue that the filing of the amended complaint on May 15, 2013, did not re-start the statutory thirty-day removal period and therefore the matter should be remanded to the Luzerne County court, so that discovery can be completed in time for the trial in September.

In considering the plaintiffs' argument, removal must take place "within

30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."¹ 28 U.S.C. §1446(b)(1). The purpose of the thirty-day statutory removal period is two-fold: (1) to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether the remove the case to another court system; and (2) to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court. Wilson v. Intercollegiate (Big Ten) Conference A.A., 668 F.2d 962, 965 (7th Cir. 1982).

In this case, it is clear that well over 30 days separate the service of the plaintiffs' initial complaint on April 10, 2012, which undisputedly could have been removed to federal court, and the filing of the defendants' notice of removal on May 31, 2013.

Despite their untimely removal, the defendants argue against remand

---

¹Pursuant to 28 U.S.C. §1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The defendants have not argued, and indeed cannot argue, that the original complaint in this action, which included Sixth and Fourteenth Amendment claims pursuant to 42 U.S.C. §1983, was not removable.

4

claiming that the judicially-created "revival exception" to §1446(b) applies to excuse them from timely complying with the federal removal statute. While the Third Circuit has neither adopted nor rejected the narrow revival exception, other courts have recognized the exception to excuse the 30-day timing requirement of removal in limited circumstances. See e.g., Wilson, 668 F.2d at 965 ("[T]he courts have read into §1446(b) an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute substantially a new suit begun that day."). Generally, the thought behind the exception is that simply because a defendant has submitted himself to state court jurisdiction on one cause of action should not prevent his removing the action when a new and entirely different cause of action is filed in the same case. See Johnson v. Heublein, Inc., 227 F.3d 236, 241-42 (5th Cir. 2000).

Here, the defendants argue that the revival exception should apply since the amended complaint filed by the plaintiffs constitutes, in essence, a new lawsuit. To this extent, the defendants argue that the amended complaint involves new parties, alleges claims different from those set forth in the original complaint, and significantly increases the purported class and therefore increases their potential liability.

In considering the defendants' argument, even if this court were to find the revival exception viable in this Circuit, the court finds that it does not apply in the instant action as the plaintiffs' amended complaint does not so

5

substantially alter the character of the action as to constitute an essentially new lawsuit. The Fifth Circuit found in Johnson that the revival exception was applicable because the allegations in the amended complaint bore "no resemblance whatsoever to the allegations of the [original] complaint." Johnson, 227 F.3d at 242 (citation omitted). However, "[w]here the pleading amendments do not change the target of a plaintiffs attack, the basic legal theory of the case, or the nature of the relief sought there is no revival." MG Bldg. Materials, Ltd. v. Paychex, Inc., 841 F. Supp. 2d 740, 745 (W.D.N.Y. 2012) (quoting In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 2006 WL 1004725, at *3 (S.D.N.Y., Apr. 17, 2006) ("MTBE")). Numerous courts since Johnson have considered the revival exception in relation to amended complaints and a majority have declined to find the exception applicable. See Cancel v. Sewell, 2011 WL 240132, *5 (M.D.Ga., Jan. 24, 2011) (citing Daggett v. Am. Security Ins. Co., 2008 WL 1776576, *3 (M.D.Fla., Apr. 17, 2008); City of Kenner v. United Fire and Casualty Co., 2007 WL 2177781, *2 (E.D.La. July 30, 2007); Rubstello, Inc. v. Trans. Ins. Co., 2005 WL 1503924, *4 (E.D.Cal., June 22, 2005); Tully v. Am. Fed. Of Gov't Employees Local 3148, 2001 WL 253034, *2 (E.D.N.Y., Mar. 9, 2001)). See also Samuels v. Allstate Ins. Co., 2006 WL 449257, *4 (D.Kan., Feb. 23, 2006) ("[a]lthough the amended claims will require additional evidence and different burdens of proof, this difference is not so substantial as to afford defendants a new opportunity to remove.").

In the instant action, the court has reviewed both the original and amended complaints filed in the state court. Although the named plaintiffs and factual averments have been altered to reflect the current status of the case, the court does not find that the core claims have so been changed or the potential liability so increased as to warrant application of the revival exception. To this extent, both the original and amended complaints claim an ongoing failure to provide adequate resources for the defense of indigent adult criminal defendants which is depriving and threatens to deprive numerous clients of the Office of the Public Defender, ("OPD"), of constitutionally adequate representation, thereby violating their right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution, as well as their right to counsel under the Pennsylvania Constitution. Both actions seek relief under the same three theories: (1) a state law claim for mandamus relief; (2) a claim pursuant to 42 U.S.C. §1983 that the County's failure to provide OPD with proper funding has produced conditions that have resulted in violations of the rights of the named plaintiffs and of putative class members to effective representation in violation of the Sixth and Fourteenth Amendments; and (3) a claim that these same deficiencies have also caused violations of the plaintiffs' and putative class members' right to counsel guaranteed by the Pennsylvania Constitution.

The original complaint was brought on behalf of those individuals who claimed that they were denied counsel completely, while the amended

complaint is brought on behalf of those individuals who are represented by the OPD and claim that they were or are being denied adequate representation because of underfunding[2]. However, the core claim of the complaint has not changed, that is that underfunding of the OPD is resulting in violations of indigent individuals' rights under the United States and Pennsylvania Constitutions.

In light of the above, the court finds that neither the target of the plaintiffs' attack nor the legal theories of the case have so changed from the initial complaint to the amended complaint that the court would be inclined to apply the narrow revival exception to allow the defendants to remove the action, now well beyond the 30-day statutory removal period.

Moreover, although the defendants argue that the newly named plaintiffs greatly expand the purported class and therefore the defendants' potential liability, in neither the original complaint nor the amended complaint have the plaintiffs made a claim for monetary damages. In fact, in both actions, the plaintiffs claim a lack of adequate funding for the OPD which has

---

[2]As a result of the court-ordered mediation, the original named plaintiffs and putative class members who were initially denied representation were provided counsel in their pending criminal cases through a collaborative effort supported by the County, its District Attorney, the Luzerne County Common Pleas Court Administration, the County's Conflict Counsel, and the OPD. As a result, those plaintiffs agreed to dismiss their claims. Substituted for those plaintiffs are the currently named plaintiffs, who are being represented by the OPD, but are claiming that their representation is constitutionally insufficient because of the lack of funding of the OPD.

or will adversely affect the OPD's clients right to adequate representation. In both actions, the plaintiffs have sought a writ of mandamus ordering the County to increase the OPD's funding to such a level that will permit the OPD to provide constitutionally adequate representation to all those entitled to counsel under the United States and Pennsylvania Constitutions. In addition, the individual plaintiffs have brought claims pursuant to 42 U.S.C. §1983 seeking only injunctive relief ordering the defendants to increase the OPD's funding to such a level that will permit the OPD to provide constitutionally adequate representation for the named plaintiffs, as well as all similarly situated individuals.

Because the plaintiffs are not seeking monetary damages, but are only seeking essentially the same mandamus and injunctive relief in their amended complaint as was sought in their initial complaint, the court finds that the defendants' liability has not changed to such a degree as to warrant application of the revival exception on this basis.

As a final matter, in addition to the plaintiff's motion to remand, also pending before the court are the defendants' motion to dismiss the plaintiffs' amended complaint, (Doc. No. 11), and the defendants' motion to disqualify plaintiffs' counsel, (Doc. No. 15). In order to clarify the record in this court, these motions will be dismissed without prejudice to re-filing upon remand, in the state court.

## IV. CONCLUSION

In light of the foregoing, the plaintiff's motion for remand, (Doc. No. 12), will be **GRANTED** and the defendants' motion to dismiss the plaintiffs' amended complaint, (Doc. No. 11), and the defendants' motion to disqualify plaintiffs' counsel, (Doc. No. 15), will be **DISMISSED WITHOUT PREJUDICE**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 26, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1478-01.wpd

10